Citation Nr: 1527851 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 13-12 479 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah



THE ISSUE

Entitlement to service connection for a dental condition, for compensation purposes. 



WITNESSES AT HEARING ON APPEAL

The Veteran and Spouse



ATTORNEY FOR THE BOARD

L. J. Wells-Green, Counsel




INTRODUCTION

The Veteran served on active duty from November 1963 to November 1967. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of a June 2012 rating decision of the Salt Lake City, Utah, Regional Office (RO) of the Department of Veterans Affairs (VA). 

The Veteran appeared at a hearing before the undersigned Veterans Law Judge in August 2013. 

In July 2014, the Board determined there was no new and material evidence to reopen a previously denied claim for service connection for pneumonia and denied service connection for bronchiectasis. At that time, the Board also remanded the current issue to the agency of original jurisdiction (AOJ) for additional development. 

The issue on appeal is limited to compensation purposes and does not include a claim for purposes of receiving VA outpatient treatment and services. As noted in the July 2014 remand, the RO has referred the claim for treatment purposes to the Veterans Health Administration (VHA) to initially determine the Veteran's basic eligibility for VA outpatient dental treatment. See 38 USCA § 1712 (West 2014); 38 C F R §§ 3 381, 17 161 (2014). 


FINDING OF FACT

The Veteran does not currently have a dental condition due to a trauma or injury during his active service; there is no evidence of any loss of the ramus, condyloid process, cornoid process, or hard palate, or loss, nonunion, or malunion of the maxilla or mandible.



CONCLUSION OF LAW

The criteria for service connection for a dental condition for purposes of compensation are not met. 38 U.S.C.A. §§ 1110, 1131, 1712, 5107 (West 2014); 38 C.F.R. §§ 3.303, 3.381, 4.150, 17.161 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Duties to Notify and Assist

VA has a duty to provide notice of the information and evidence necessary to substantiate a claim. 38 U.S.C.A. § 5103(a) (West 2014); 38 C.F.R. § 3.159(b) (2014).

A standard December 2011 letter satisfied the duty to notify provisions.

VA also has a duty to provide assistance to substantiate a claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159(c).

The Veteran's service treatment and personnel records have been obtained. Available post-service VA and private treatment records have also been obtained. 

Pursuant to the Board's July 2014 remand, the RO requested VA dental records dated in 1968 that may have existed. The Salt Lake City VA Medical Center indicated that the requested records do not exist. In view of this information, the Board finds that it is reasonably certain that such records do not exist and that further efforts to obtain the records would be futile. See 38 U.S.C.A. § 5103A(c); 38 C.F.R. § 3.159(c)(2).

In March 2015, the Veteran was contacted and he indicated that he did not have other evidence to submit.

Also pursuant to the Board's July 2014 remand, the Veteran was provided a VA medical examination in January 2015. The examination, along with the expert medical opinion, is sufficient evidence for deciding the claim. The report is adequate as it is based upon consideration of the Veteran's prior medical history and examinations, describes the disability in sufficient detail so that the Board's evaluation is a fully informed one, and contains a reasoned explanation. Thus, VA's duty to assist has been met.

II. Analysis

VA dental benefits take two forms. First, there is disability compensation payable for loss of teeth or other dental problems as a result of in-service trauma or disease. 38 C.F.R. §§ 3.4, 3.100, 4.150, Diagnostic Code 9913. Second, there is treatment entitlement, which is based upon classification of veterans based on their service, their current problems, and the relationship of such problems to service. 38 C.F.R. §§ 3.381, 17.161.

In this decision, the Board only addresses the issue of entitlement to disability compensation for the Veteran's claimed dental disability. As noted above, the issue of entitlement to dental treatment has been referred to VHA for further consideration. See 38 C.F.R. § 3.381(a). 

Service connection may be awarded for a current disability arising from a disease or injury incurred in or aggravated by active service, including dental disability resulting from trauma. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. §§ 3.303, 3.381. 

For compensation purposes, the term "service trauma" does not include the intended effects of therapy or restorative dental care and treatment provided during a veteran's military service. VAOGCPREC 5-97, 62 Fed. Reg. 15566 (1997); Nielson v. Shinseki, 607 F.3d 802, 804 (Fed. Cir. 2010). 

The Veteran contends that he is entitled to service connection for a dental disability for compensation purposes because several of his teeth were extracted during boot camp rather than root canals for convenience and expediency. 

The Veteran's service treatment records show that he denied any severe tooth or gum trouble in a November 1963 medical history report. However, at least 7 teeth were extracted in December 1963, within a month of his enlistment. A July 1965 deep freeze physical examination report indicates he was found to be not physically qualified due to excessive dental caries. His November 1967 separation examination shows that he had several missing teeth replaced by dentures. 

During his August 2013 Board hearing, the Veteran testified that 4 of his front teeth were extracted during boot camp after a routine dental examination. He believed the extractions where conducted for convenience rather than doing root canals that could have saved the teeth. 

At a January 2015 VA examination, the examiner reported that the Veteran had several teeth removed during booth camp that was not related to any traumatic event or accident. Afterwards, he was given a partial denture to replace the missing teeth. Upon examination, the examiner found no loss of substance of the body of the maxilla or mandible. The examiner noted that service treatment records indicated that the Veteran had many restorations had been placed on the remaining dentition in the following month and opined that this fact indicated the probable reason for the extracted teeth was non-restorable dental caries. The examiner opined that the condition was less likely than not incurred or caused by the claimed in-service injury, event or illness. 

Missing teeth may be compensable for rating purposes under 38 C.F.R. § 4.150, Diagnostic Code 9913 ("loss of teeth, due to loss of substance of body of maxilla or mandible without loss of continuity"). However, the Note immediately following states: "These ratings apply only to bone loss through trauma or disease such as osteomyelitis, and not to the loss of the alveolar process as a result of periodontal disease, since such loss is not considered disabling." 38 C.F.R. § 4.150, Diagnostic Code 9913. 

The evidence does not show that the Veteran's in-service tooth extractions were the result of loss of substance of body of maxilla or mandible as a result of trauma or disease such as osteomyelitis. Indeed, the January 2015 examiner specifically noted that the Veteran's extractions were not due to any traumatic event or accident and that there was no loss of substance of body of maxilla or mandible. 

To have had dental extractions during service is not tantamount to dental trauma, because trauma of teeth, even extractions, in and of itself, does not constitute dental trauma. VAOPGCPREC 5-97. The Veteran does not contend, nor does the record indicate, that he experienced any dental trauma in service. 

Treatable carious teeth, replaceable missing teeth, dental or alveolar abscesses, and periodontal disease are not considered disabling for VA disability compensation purposes; such conditions will be considered service connected solely for the purpose of establishing eligibility for outpatient dental treatment. 38 U.S.C.A. § 1712; 38 C.F.R. § 3.381. As noted previously, a claim for service connection for a dental condition for VA outpatient dental treatment purposes has been referred to VHA for appropriate action. 

The Veteran has not presented any competent evidence that he has a dental disorder for which service connection for compensation purposes may be granted. Thus, the preponderance of the evidence is against the claim for service connection for a dental condition; there is no doubt to be resolved; and service connection for a dental condition for compensation purposes is not warranted. See 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for a dental condition for compensation purposes is denied. 



____________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs